## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

GAIL GAO,                                                              Case No.: 1:15-cv-13717

    Plaintiff,

v.

LIFE INSURANCE COMPANY
OF NORTH AMERICA;

    Defendant.
_____/

## COMPLAINT FOR DISABILITY BENEFITS

Plaintiff, Gail Gao, by and through undersigned counsel hereby files her Complaint against the Defendant, Life Insurance Company of North America, and says:

### I. JURISDICTION AND VENUE

1. Ms. Gao's claims are filed pursuant to 29 U.S.C. § 1001, *et seq*. (ERISA). Venue and jurisdiction are, therefore, proper pursuant to 29 U.S.C. § 1132.

### II. PARTIES

2. Plaintiff, Gail Gao ("Ms. Gao"), is a resident of Acton in Middlesex County, Massachusetts. Defendant, Life Insurance Company of North America, (hereafter "LINA" or "Defendant") is a foreign corporation doing business in Massachusetts. Defendant LINA is the underwriter of the long-term disability policy at issue in this cause.

### III.   FACTS

3. At all times material to this action, there was in full force and effect a group insurance policy ("the LTD Policy") for long-term benefits, issued to Ms. Gao's employer,

Insperity Holdings, Inc., which constituted a binding contract of insurance between Defendant LINA and Ms. Gao.

4. Ms. Gao was employed at Insperity Holdings, Inc. as a Quality Assurance Manager. By virtue of her employment at Insperity Holdings, Inc., Ms. Gao was an eligible participant of the LTD Policy at all times material to this action.

5. The purpose of the LTD Policy was to provide Ms. Gao with a percentage of her monthly earnings in the event that she became disabled.

6. Disability is defined under the LTD Policy as:

*The Employee is considered Disabled if, solely because of Injury of Sickness, he or she is either:*
1. *unable to perform all the material duties of his or her Regular Occupation or a Qualified Alternative; or*
2. *unable to earn 80% or more of his or her Indexed Covered Earnings*

*After Disability has lasted 30 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is either:*
1. *unable to perform all the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training, or experience; or*
2. *unable to earn 80% or more of his or her Indexed Covered Earnings.*

7. Ms. Gao timely filed a claim for disability benefits under the LTD Policy after undergoing a right frontal orbital craniotomy in 2012 for resection of two menigiomas located in the part of her brain responsible for executive functioning.

8. Following the surgery, Ms. Gao suffers from multiple disabling conditions including, but not limited to, severe headaches, severe fatigue, and objectively documented cognitive decline.

9. At all times material to this action, Ms. Gao has been unable to perform the all of material duties of her Regular Occupation and unable to perform all the material duties of any

occupation for which she is or may reasonable become qualified for based on her education, training, and experience.

10. As a result of her Disability as defined by the LTD Policy, Ms. Gao ceased work on or about October 26, 2012.

11. In accordance with the procedures set forth by the LTD Policy, Ms. Gao timely notified and submitted proof that she was Disabled under the terms of the LTD Policy.

12. In recognition of her Disability under the terms of the LTD Policy, Defendant LINA approved and paid benefits through February 11, 2015.

13. Based on a review of her claim, the Defendant determined Ms. Gao to be a "candidate for our lump sum settlement program" and offered her $145,000 to fully discharge all claims under the LTD policy, as communicated by letter dated March 25, 2014. See Attached Exhibit A.

14. Shortly after rejecting the Defendant's offer of a lump sum settlement and a year prior to the change in the definition of disability, the Defendant sent Ms. Gao a notice dated November 19, 2014 informing her of the change in the definition of disability and indicating that "[a]t this time, we have not completed our review to determine whether you are disabled from your own or any occupation as required by your policy" and that they were starting another eligibility review. See Attached Exhibit B.

15. In connection with Defendant's review, Ms. Gao attending a Clinical/Neuropsychological evaluation performed by Licensed Psychologist, William S. Stone, Ph.D, AB PP-CN, which was completed on February 5, 2015.

16. After completing the testing, Dr. Stone documented, *inter alia*:

> *The examinee tolerated the sessions with rapidly declining levels of engagement, She showed frequent fatigue and asked to take multiple*

> *breaks. The first session was stopped over 2 hours early because the examinee reported feeling too fatigued to continue. The same pattern was evident in the second session, and may have begun even sooner after she arrived. She usually did not return from breaks at the agreed-upon times. When I would go to find her in the waiting room, she was usually stretched out across two chairs pushed together, sleeping. On one occasion, she appeared to fall asleep during one of the cognitive tests. . .*

17. Furthermore, Dr. Stone's February 5, 2015 report goes on to state, *inter alia*:

> *In summary, the clinical evaluation showed the examinee to have been a well-functioning professional woman who underwent a successful medical procedure in 2012 that was not associated with complications during or after the procedure. She reported that she maintains a limited schedule of activities and was unable to work. She also reported- and appeared to show- significant fatigue within an hour of starting a battery of tests than she did on a similar battery in 2013. . .*

18. Relying exclusively on Dr. Stone's findings, the Defendant terminated Ms. Gao's disability benefits by letter dated February 11, 2015 on the basis that "Dr. Stone was not able to verify to a reasonable degree or medical certainty, however, that you are incapable for [sic] performing tasks at work or at home due to psychological or cognitive issues." Defendant's February 11, 2015 denial letter is attached hereto as Exhibit C.

19. Ms. Gao timely appealed Defendant's termination of benefits.

20. Along with Ms. Gao's appeal, undersigned counsel submitted, *inter alia*, letters of support from Ms. Gao's attending physicians as well as a Complex Speech/Language Re-Evaluation objectively documenting Ms. Gao's cognitive decline. See attached Exhibit D.

21. By letter dated September 30, 2015, Defendant LINA upheld its February 11, 2015 decision to terminate Ms. Gao's claim for disability income benefits. See attached Exhibit E.

22. Defendant LINA's September 30, 2015 denial letter and the pure-paper medical review physicians Defendant consulted with in connection with Ms. Gao's appeal failed to

4

meaningfully address **any** of the documentation that was submitted on appeal in support of Ms. Gao's appeal.

23. Ms. Gao has timely exhausted all of her mandatory administrative remedies under ERISA.

24. The termination of Ms. Gao's disability benefits was a breach of the terms of the LTD Policy, and the decision was wrong and arbitrary and capricious.

25. At all times material to this action, Defendant LINA operated under an inherent structural conflict of interest due to LINA's dual role as a for-profit insurance company that is responsible for paying benefits out of its own assets while also servicing as the fiduciary responsible for making claims decisions.

26. The termination of Ms. Gao's disability benefits was a breach of fiduciary duties owed to Ms. Gao under ERISA. Defendant further failed to discharge its duties with respect to discretionary claims processing solely in the interests of Ms. Gao as a participant of the LTD Policy.

### IV. COUNT I: PLAN BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 25 as if fully stated herein and says further that:

27. Ms. Gao is entitled to certain benefits of the long term disability policy consisting of past long-term disability benefits including prejudgment interest, retroactive to the day benefits were terminated and any other benefits owed under the welfare plan issued by her employer pursuant to 29 U.S.C. §1132(a)(1)(B).

28. Ms. Gao is entitled to the benefits identified herein because:

   a. the benefits are permitted benefits under the LTD policy;

  b. Ms. Gao has satisfied all conditions to be eligible to receive the benefits;

  c. Ms. Gao has not waived or otherwise relinquished her entitlements to the benefits.

29. Defendant has refused to pay the benefits sought by Ms. Gao, ignoring the medical records and opinions of the attending physicians without any credible contrary medical evidence, which constitutes a breach of the LTD policy.

## V. COUNT II: ATTORNEY'S FEES

Plaintiff incorporates the allegations contained in Paragraphs 1 through 28 as if fully stated herein and says further that:

30. To the extent that the Defendant violated any provisions of Subchapter I of Title 29, Chapter 18 of the United States Code, Ms. Gao is entitled to reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. §1132(g)(1).

## VI. RELIEF REQUESTED

Plaintiff incorporates the allegations contained in Paragraph 1 through 29 as if fully stated herein and says further that:

31. As a result of the acts and/or omissions of Defendant as alleged herein, Defendant owes Ms. Gao unpaid long-term disability benefits, plus interest and/or Ms. Gao is entitled to appropriate equitable relief as a result of the acts and/or omissions of Defendant.

32. The Defendant is also liable for Ms. Gao's attorneys' fees and the costs of litigation in an amount to be proven at trial.

33. The Defendant is also liable to place Ms. Gao in the position she would have enjoyed under the policy had Defendant not wrongfully terminated his benefits.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Gail Gao, prays for a judgment against Defendant for the relief as plead herein and for such other equitable relief as this Honorable Court deems just and proper.

*Respectfully submitted this 3rd day of November, 2015,*

/s/ Jonathan T. Macedo
Jonathan T. Macedo
BBO# 687355
Macedo.jonathan@gmail.com
Vincent A. Murray, Jr.
BBO# 365120
vmurray@murraylawoffice.com

**Murray Law Office**
2 Center Plaza, Suite 620
Boston, MA 02108
Telephone: (617) 720-4411
Facsimile: (617) 723-5370
*Attorneys for Gail Gao*